**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ARZUMAN FARACIOV,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. CIV-26-2567-R** |
| **FRED FIGUEROA, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Arzuman Faraciov, a noncitizen proceeding through counsel,[1] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[2] United States District Judge David L. Russell referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3. Respondents filed a response, Doc. 11,[3] and Petitioner replied. Doc. 13. So, the matter is at issue.

---

[1] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[2] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

[3] The Warden of the Diamondback Correctional Facility, Fred Figueroa, is not a federal official and the Government did not file its response on his behalf. Doc. 11, at 1.

For the reasons set forth below, the undersigned recommends the Court grant the habeas petition and order Respondents to release Petitioner under an appropriate order of supervision. In the alternative, the undersigned recommends the Court grant the habeas petition in part and order Respondents to provide Petitioner with a constitutionally adequate bond hearing.

## I. Factual background and procedural history.

Petitioner is a native of Azerbaijan and citizen of Moldova who entered the United States on March 28, 2023. Doc. 1, at 12. Petitioner was paroled into the country through the U.S. Customs and Border Protection (CBP) One program, under 8 U.S.C. § 1182(d)(5)(A). *Id.* His parole lasted until March 26, 2024, when it expired. *Id.* at 13. Petitioner applied for asylum on September 6, 2023. *Id.* Petitioner was granted work authorization and worked as a commercial truck driver. *Id.* at 14. Petitioner's wife and older daughter are derivative beneficiaries of his asylum application. *Id.* His younger daughter is a United States citizen. *Id.*

Petitioner was detained by Immigration and Customs Enforcement (ICE) on August 26, 2026, while driving his truck through Garvin County, Oklahoma. *Id.* at 15. Petitioner alleges that ICE did not have a Form I-200 Warrant for Arrest of Alien or a Form I-213 Record of Deportable/Inadmissible Alien. *Id.* Petitioner remains detained at the Diamondback Correctional

Facility in Watonga, Oklahoma. *Id*. Ex. 9, at 2.

Petitioner's counsel requested a custody redetermination hearing. *Id*. Ex. 10, at 2; Ex. 12. On September 15, 2026, the immigration judge (IJ) found that Petitioner was detained under 8 U.S.C. § 1225 and thus the immigration court lacked jurisdiction. *Id*. Ex. 10, at 2.

Petitioner argues that (1) § 1226 governs his detention, not § 1225; (2) he was denied the process required by § 1226 as Respondents detained him without a warrant or a custody determination; and (3) Respondents have violated his Fifth Amendment Due Process rights by denying access to an individualized custody determination. *Id*. at 19-34. He requests release, or, in the alternative, an individualized custody redetermination hearing. *Id*. at 35-36.[4]

## II. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are

---

4 Petitioner further requests attorney's fees. Petitioner's counsel may file a request for fees at the conclusion of this matter.

properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis,* 533 U.S. 678, 687-88 (2001)).

## III. Discussion.

### A. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b).

Respondents argue that Petitioner is subject to mandatory detention without a bond hearing under § 1225(b) because "when Petitioner's parole terminated, he reverted back to the status of an arriving alien seeking admission at the border under § 1225(b)(1) and was subject to mandatory detention." Doc. 11, at 2-3. However, courts in this District have repeatedly rejected this argument. *See Drozdov v. Lyons*, Case No. CIV-26-365-SLP, 2026 WL 1470929, at *2 (W.D. Okla. May 26, 2026) (finding that revocation of parole "does not render a noncitizen in Petitioner's circumstances subject to detention under § 1225(b)(1)."); *Zhakhonov v. Grant*, Case No. CIV-26-350-J, 2026 WL 1865418, at *3 (W.D. Okla. Jun. 29, 2026) (finding that where "Petitioner was paroled into the United States, permitted to reside in the interior of the country for several years, pursued his asylum application, and complied with the conditions of his release before being re-detained" "Petitioner's detention is more naturally characterized as detention 'pending a decision on whether the alien is to be removed from the United States' within the meaning of

§ 1226(a).”); *Aitiev v. Gantt*, Case No. CIV-26-997-R, 2026 WL 2125893, at *2 (W.D. Okla. Jul. 23, 2026) (collecting cases).

Sections 1225 and 1226 authorize detention in different domains. Section 1225 applies primarily to aliens “seeking admission” to the United States, while § 1226 “generally governs the process of arresting and detaining” noncitizens “pending a decision on whether the alien is to be removed from the United States.” *Jennings v. Rodriguez*, 583 U.S. 281, 288-89 (2018). Section 1225 generally applies at the border and § 1226 in the interior. *See, e.g., Santillan Quiroz v. Mullin,* 180 F.4th 1226, 1237 (10th Cir. 2026) (“We hold that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A).”).

Petitioner’s current detention “is not part of the inspection process,” and it did not “arise from an attempted entry at a port of entry.” *Zhakhonov*, 2026 WL 1865418, at *3. Rather, like the petitioner in *Zhakhonov*, “Petitioner was paroled into the United States, permitted to reside in the interior of the country for several years, pursued his asylum application, and complied with the conditions of his release before being re-detained.” *Id.* “Under those circumstances, Petitioner's detention is more naturally characterized as detention ‘pending a decision on whether the alien is to be removed from the United States’ within the meaning of § 1226(a).” *Id.*

Petitioner lived in the U.S. for over two years after his parole expired and was re-detained in the interior of the country. Since Petitioner was not "seeking admission" at the border when ICE re-detained him, he "does not fall into the mandatory detention provision of § 1225(b)(2)(A)." *Ramos Perez v. Grant*, Case No. CIV-26-721-D, 2026 WL 2033144, at *2 (W.D. Okla. July 14, 2026). Instead, § 1226(a) controls his detention. *Id.* (citing *Santillan Quiroz*, 180 F.4th at 1251 n.13); *see also Zhakhonov,* 2026 WL 1865418, at *3.

**B. Respondents arrested Petitioner without a warrant and the appropriate remedy is release.**

Petitioner claims that Respondents arrested him without a warrant in violation of the Immigration and Nationality Act (INA). Doc. 1, at 15. Respondents did not contradict Petitioner's assertion or file a copy of the warrant. *See generally* Doc. 11. Without any evidence to the contrary, the undersigned concludes that Respondents arrested Petitioner without a warrant and without compliance with the warrantless arrest procedures in violation of the INA.

"The INA [ ] provides that DHS may arrest and detain" noncitizens who are placed in § 1226(a) deportation proceedings "pending a decision on whether [they are] to be removed from the United States." *Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021) (citing 8 U.S.C. § 1226(a)). DHS may detain a noncitizen "[a]t the time of issuance of the [NTA], or at any time thereafter and

up to the time removal proceedings are completed, . . . under the authority of Form I–200, Warrant of Arrest." 8 C.F.R. § 1236.1(b)(1); *see also* 8 U.S.C. § 1226 ("On a warrant issued by the Attorney General, [a noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States.").

The warrant must be issued before the noncitizen's arrest. *See* § 1226(a); *Jennings v. Rodriguez*, 583 U.S. 281, 302 (2018) (Section 1226(a) "authorizes detention only '[o]n a warrant issued' by the Attorney General leading to the [noncitizen's] arrest.") (quoting § 1226(a)); *Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023) (explaining that § 1226 "is not even triggered unless an arrest warrant is issued," and "the subsequent provisions giving the Attorney General discretion to detain or release the arrested [noncitizen] are likewise not triggered" unless the noncitizen has "been arrested on a warrant") (internal quotation marks omitted).

Without a warrant, federal immigration officers "have more limited authority" to arrest a noncitizen. *Arizona v. United States*, 567 U.S. 387, 408 (2012). In such circumstances, federal immigration officers "may arrest [a non-citizen] for being 'in the United States in violation of any immigration law or regulation' . . . only where the [non-citizen] 'is likely to escape before a warrant can be obtained.'" *Id.* (quoting 8 U.S.C. § 1357(a)(2)) (alteration in original omitted). To conduct a warrantless arrest, federal immigration officers must

therefore have an individualized suspicion that the noncitizen to be arrested poses a flight risk. 8 U.S.C. § 1357(a)(2) (empowering federal immigration officials to arrest a noncitizen without a warrant if they "ha[ve] reason to believe that the [noncitizen] so arrested is in the United States in violation of [federal immigration] law . . . and is likely to escape before a warrant can be obtained for [their] arrest"); *accord* 8 C.F.R. § 287.8(c)(2)(ii) ("A warrant of arrest shall be obtained except when the designated immigration officer has reason to believe that the person is likely to escape before a warrant can be obtained."). After a warrantless arrest, a detainee must be examined by an immigration officer and a custody determination must be made within 48 hours. 8 C.F.R. § 287.3. The custody determination may result in issuance of a warrant if the examining officer believes continued detention is justified. *Id.* § 287.3(d).

Respondents have neither produced an arrest warrant nor disputed Petitioner's allegation that he was arrested without one. They also have not identified evidence establishing that the requirements for a warrantless arrest were satisfied.

As the Tenth Circuit recently held in *Abedi v. Carter*, No. 25-3179, 2026 WL 3149141, —F. 4th— (10th Cir. Oct. 21, 2026), the government's violation of "regulations that establish procedural protections for individuals… may constitute per se prejudice, negating the need for the plaintiff to make any

additional showing of prejudice to be entitled to relief." *Id.* at *22. There, the court found that ICE's failure to comply with 8 C.F.R. § 241.13(i), the regulations governing revocation of release, rendered the petitioner's arrest and detention invalid, and the petitioner's ability to litigate his due process rights in a habeas petition did not cure the violation. *Abedi,* 2026 WL 3149141, at *21. The government's violation was "per se prejudicial, thus warranting habeas relief without the need for an additional showing of prejudice." *Id.*

The statutory and regulatory requirements in § 1357(a) and 8 C.F.R. § 287.8(c) for warrantless arrests are mandated "procedures established to protect individuals' due process rights." *Abedi,* 2026 WL 3149141, at *22. Due process requires notice and an opportunity to be heard, and here, Petitioner was denied adequate notice. *Mathews v. Eldridge*, 424 U.S. 319, 333, 348 (1976). *See also Ulysse v. Warden*, Case No. 2:26-cv-02529-SPC-KRH, 2026 WL 2936604, at *1 (M.D. Fla. Sep. 30, 2026) (finding "[t]he government violated [Petitioner's] right to due process by arresting and detaining him without a warrant"). By violating "a regulation protecting fundamental statutory or constitutional rights," Respondents violated Petitioner's due process rights. *Abedi*, 2026 WL 3149141, at *23; *see id.* at *14 ("[T]his due process violation entitled [Petitioner] to declaratory and habeas relief."). The violation "merit[s] invalidation of the challenged agency action without regard to whether the alleged violation has substantially prejudiced the complaining party." *Id.*

Petitioner's arrest and detention are therefore invalid and warrant habeas relief.

Before *Abedi*, several Courts in this district concluded that release is the appropriate remedy for a warrantless arrest, particularly where Petitioner has not been afforded due process. *See, e.g., Nosirov v. Gantt*, No. CIV-26-1036-J, 2026 WL 2255073 (W.D. Okla. Aug. 5, 2026); *Li v. Gantt*, No. CIV-26-909-R, 2026 WL 2045005, at *2 (W.D. Okla. Jul. 15, 2026) (granting release where "[n]othing in the record indicates Petitioner was properly arrested pursuant to a warrant or that conditions were present which might have justified his warrantless arrest."); *Kunner v. Grant*, No. CIV-26-229-R, Doc. No. 23, at 1, 7 (W.D. Okla. Jul. 7, 2026) (finding that "Petitioner's immediate release is appropriate" based on warrantless arrest claim despite having already received a bond hearing); *Aguilar-Huanga v. Figueroa*, No. CIV-26-115-J, 2026 WL 821474 (W.D. Okla. Mar. 25, 2026) (finding that a belatedly-filed and heavily redacted warrant did not preclude release for petitioner raising warrantless arrest claim); *Singh v. Bondi*, No. CIV-26-43-J, 2026 WL 483482 (W.D. Okla. Feb. 20, 2026); *but see Perdigon v. Gantt*, No. CIV-26-949-R, 2026 WL 2428826 (W.D. Okla. Aug. 19, 2026) (denying habeas relief for warrantless arrest claim where petitioner had already had a bond hearing). Given the Tenth Circuit's recent direction, the undersigned concludes that the appropriate remedy for Petitioner's warrantless arrest is release.

**C. In the alternative, Petitioner is entitled to a bond hearing.**

If the Court declines to grant release, Petitioner is entitled to a bond hearing under § 1226(a).[5] *See, e.g., Santillan Quiroz*, 180 F.4th at 1247 (explaining that noncitizens subject to § 1226(a) are "eligible for bond").

"Unlike § 1225(b)(1), § 1226(a) contemplates individualized custody determinations and authorizes release on bond or conditional parole pending completion of removal proceedings." *Zhakhonov*, 2026 WL 1865418, at *3. Here, the Government has not provided Petitioner with an individualized custody determination since his detention in August 2026. Doc. 1, at 6. *See, e.g., Zhakhonov*, 2026 WL 1865418, at *3 ("[T]he process afforded by § 1226(a) itself serves as the mechanism through which a detainee's liberty interest is protected."). Because this is "the very process Congress prescribed for detainees held pursuant to § 1226(a)," the Court should order Respondents to provide Petitioner with a bond hearing under § 1226(a). *Zhakhonov*, 2026 WL 1865418, at *3; *see also Navarrete v. Mullin*, No. CIV-26-224-SLP, 2026 WL

---

[5] The undersigned notes that, in similar cases, Respondents often belatedly file a copy of the warrant in an objection to the report and recommendation. *See, e.g.*, *Torres Ortega v. U.S. Dist. Ct.*, No. CIV-26-2243-J, 2026 WL 2993549 at *1 (W.D. Okla. Oct. 5, 2026); *Sajbochol v. Figueroa*, No. CIV-26-193-J, 2026 WL 1232030, at *1 (W.D. Okla. May 5, 2026) (Respondents cautioned that belated evidence may not be accepted in the future); *Aguilar-Huanga*, 2026 WL 821474, at *3 (finding that "Respondents' failure to address [the warrantless arrest] allegation in their response likely bars Respondents from objecting now").

2323345, at *2 (W.D. Okla. Aug. 11, 2026) (finding the petitioner had a "protected liberty interest arising from her release on her own recognizance" and that the level of process owed to her was "for Respondents to provide [her] with a bond hearing pursuant to 8 U.S.C. § 1226"); *Todyrenchuk v. Warden of Diamondback Corr. Facility*, No. CIV-26-1243-J, 2026 WL 2186977, at *3 (W.D. Okla. July 29, 2026) ("[T]he Court concludes the proper remedy in this case is … an individualized bond hearing before an Immigration Judge exercising jurisdiction under § 1226(a).").

Thus, in the alternative, the Court should grant the petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) within ten days; if they fail to do so, they must release Petitioner.[6] *See, e.g.*, *Santillan Quiroz*, 180 F.4th at 1251 n.13 (directing district court to order the government to provide the petitioner a bond hearing within seven days "[b]ecause [the petitioner] can properly be subject to detention under

---

[6] Petitioner requests the Court place the burden on the Government at a bond hearing to prove he poses a danger to the community or flight risk by clear and convincing evidence. Doc. 1, at 30. But this Court has declined to order burden shifting. *See, e.g.*, *Zhang v. U.S. District Court*, No. CIV-26-1022-D, 2026 WL 2323190, at *1 (W.D. Okla. Aug. 11, 2026) ("[T]he Court declines to place the burden on the Government to justify Petitioner's detention pending removal proceedings, at this time."); *Rangel v. Mullin*, No. CIV-26-568-D, 2026 WL 1625653, at *2 n.2 (W.D. Okla. June 5, 2026) ("At this time, the Court declines to place the burden on the government to justify Petitioner's detention pending removal proceedings."). So the undersigned does not recommend it in this case.

§ 1226(a).”); *see also Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *6 (W.D. Okla. Dec. 16, 2025) (“Petitioner has not received a bond hearing and Respondents raise no objection challenging their obligations to provide bond hearings for noncitizens that are detained under 8 U.S.C. § 1226(a).”).

## IV. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court **grant** Petitioner’s habeas petition and **order his immediate release. The undersigned also recommends that the Court order the Government to certify compliance by filing a status report within ten business days of the Court’s order**, and to promptly provide a copy of this order to counsel for the Warden of the Diamondback Correctional Facility. The Court should further enjoin Respondents from re-detaining Petitioner absent compliance with 8 U.S.C. § 1357(a) and 8 C.F.R. § 287. Finally, the Court should order that Respondents cannot re-detain Petitioner without notice and a pre-deprivation hearing before a neutral decision-maker.

In the alternative, the undersigned recommends the Court **grant** the petition **in part and order Respondents to provide Petitioner with an individualized bond hearing before a neutral Immigration Judge within ten days; if they fail to do so, they must release Petitioner.** The undersigned also recommends that the Court order Respondents to certify their compliance with the Court’s order by filing a status report within ten

business days of the Court's order, and to promptly provide a copy of this order to counsel for the Warden of the Diamondback Correctional Facility.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by November 20, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.[7] The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 10th day of November, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

---

7 Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231 & n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance–particularly where strict application would undermine the habeas review process").