**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ARZUMAN FARACIOV,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2567-R** |
| | ) | |
| **FRED FIGUEROA, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**ORDER**

Challenging his detention by Immigration and Customs Enforcement, Petitioner, Mr. Arzuman Faraciov, seeks release from detention or a prompt bond hearing from this Court through a writ of habeas corpus under 28 U.S.C. § 2241. [Doc. No. 1]. The Court referred Mr. Faraciov's petition to United States Magistrate Judge Suzanne Mitchell, who recommended that the Court grant the Petition and order his immediate release. [Doc. No. 14]. Respondents objected [Doc. No. 15], so the Court will review de novo those portions of the Report to which they specifically object.[1] 28 U.S.C. § 636(b)(1); FED R. CIV. P. 72(b)(3).

Respondents argue in their objection that since Mr. Faraciov was previously paroled into the United States, his detention should revert back to his custodial status at the time he was paroled. But, as Respondents say, the Court has previously rejected that argument. *Aitiev v. Gantt*, No. CIV-26-997-R, 2026 WL 2125893, at *2 (W.D. Okla. July 23, 2026).

---

[1] Petitioner did not Object.

As a result, the Court agrees with Judge Mitchell's Recommendation that § 1226(a) governs Mr. Padilla's detention. This accords with other decisions from the Court and within this District. *See, e.g.*, *Marcano v. Johnson,* No. CIV-26-1389-J, 2026 WL 2807028, at *2 (W.D. Okla. Sept. 18, 2026) ("This Court, and indeed many others in this district and nationwide, have repeatedly concluded that § 1226(a) controls in this situation.").

Respondents object to the Court releasing Mr. Faraciov but fail to object to Judge Mitchell's finding that they never issued a warrant for his arrest. That failure dooms their argument that the Court should, at most, order a bond hearing. 28 U.S.C. § 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."); *see United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996); *Aurelio v. Smith*, No. 1:25-CV-01984-CNS-KAS, 2026 WL 777188, at *3 (D. Colo. Mar. 19, 2026) ("Plaintiff's objections . . . did not address this portion of the magistrate judge's Recommendation, and the Court sees no reason to disturb it."); *Still v. Herndon*, 496 F. App'x 860, 864 (10th Cir. 2012) (affirming adoption of R&R where plaintiff "did not provide a specific objection to the portion of the Magistrate Judge's Recommendation concerning [plaintiff's] second claim for relief, and consequently adopted the Recommendation . . . with relation to that claim") (citation modified) (unpublished). The Court thus concludes that Respondents waived any objection to this finding and concludes that Respondents' failure to produce a warrant justifies release.

Accordingly, the Court ADOPTS Judge Mitchell's Report and Recommendation, GRANTS the Petition for a Writ of Habeas Corpus [Doc. No. 1] and ORDERS

Respondents to release Mr. Faraciov immediately subject to an appropriate order of supervision. Respondents shall certify their compliance within five days.

IT IS SO ORDERED this 18th day of November 2026.

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**